FILED

FEB 0 6 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| RONALD DEAN GUARD, | No. 4:06-bk-00359-JMM |
| Debtor. | Adversary No. 4:06-ap-00062-JMM |
| JAMES J. ROARK and LILLIAN B. ROARK, husband and wife, | **MEMORANDUM DECISION** |
| Plaintiffs, | |
| vs. | |
| RONALD DEAN GUARD, | |
| Defendant. | |

A trial in the instant non-dischargeability proceeding was held on February 5 and 6, 2007. The Plaintiffs were represented by Joanne Hallinan; the Defendant represented himself. After consideration of the evidence and the law, the court now rules.

## JURISDICTION

This court has jurisdiction over this core proceeding. 28 U.S.C. §§ 157(b) (2)(I) and 1334.

## PROCEDURE

The pretrial statements supercede the pleadings. The Plaintiffs have sought to liquidate debts against the Defendant, and to have the same declared to be non-dischargeable. The Plaintiffs' theories are

11 U.S.C. §§ 523(a)(2), (4), and (6). The Plaintiffs have brought suit on behalf of their marital community, consisting of James J. Roark and his wife, Lillian.

## FACTS

1. In January - February, 2005, the Defendant worked briefly as an independent contractor for the Plaintiff, James Roark. His duties were to provide tax and business advice.

2. The Defendant held a real estate salesman's license, but he did not hold a broker's license. For a time, he was employed by the Hallmark firm as a salesman.

3. The Defendant's work for the Plaintiff, as an independent contractor, ended in early February, 2005. Defendant was never an employee of the Plaintiffs, nor did he hold any ownership or equity interest in Plaintiffs' business.

4. On or about January 20, 2005, the Defendant borrowed $2,500 from Mr. Roark for a one-month term (Ex. A; 1). In so doing, the Defendant represented that he expected to receive some large commissions within approximately one month, which he would use to retire the loan.

5. As a matter of fact, the representation made to Mr. Roark that commissions were in progress was false, and the Defendant knew it to be false, intending Mr. Roark to rely upon the statement in making the loan to Defendant. Mr. Guard stated, at trial, that he had "no particular item in escrow at that time."

6. Mr. Roark relied on the representation to his detriment, and was unaware of the falsity of the Defendant's representation.

7. Mr. Roark's reliance on Mr. Guard's representation was both reasonable and justified.

8. The Defendant never repaid the promissory note, to Mr. Roark's detriment.

9. Mr. Roark was damaged by $2,500, together with accrued interest at 8% per annum from January 20, 2005 to the present.

10. The Defendant, not being a licensed broker, owed no fiduciary duty to Mr. Roark nor did the parties have a written agreement concerning what the Defendant's responsibilities were as an independent contractor, nor establishing their relationship as a fiduciary one.

2

Case 4:06-ap-00062-JMM    Doc 22    Filed 02/06/07    Entered 02/07/07 12:58:38    Desc
Main Document    Page 2 of 8

11. During the course of their short business relationship, the Defendant used Mr. Roark's credit card, without authorization, and made the following purchases for his personal benefit:

| | |
|---|---|
| Hammer Pharmaceutical | 170.00 |
| Circle K (two charges) | 27.79 |
| Pima Community College | <u>331.50</u> |
| Total | 529.29 |

12. The evidence as to other credit card charges relating to certain alleged unauthorized business expenses were not proven by the preponderance of the evidence.

13. The Defendant has never repaid such credit card sums to the Plaintiffs, and Plaintiffs have suffered damages as a result, to the extent of $529.29.

14. The actions of the Defendant, in using Mr. Roark's credit card without authorization, in order to acquire goods and/or services, were willful in that they were certain to inflict harm upon the Plaintiffs, and done intentionally, and being without permission, were also without just cause or excuse.

15. The Defendant's statements that the disputed charges were authorized by Mr. Roark are not credible. Defendant's unauthorized use of Mr. Roark's credit card specifically and clearly subjected Mr. Roark to unwanted monetary damage.

16. These unauthorized credit card usages, in essence, converted Mr. Roark's property (his good credit) to his own use, causing the Plaintiffs to be injured in the amount of $529.29.

## THE LAW

A. **Burden of Proof**

A creditor must demonstrate non-dischargeability of a debt by a preponderance of the evidence. *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1105 (9th Cir.2005) (citing *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661 (1991)).

### B. Fraud/Misrepresentation - § 523(a)(2)

Section 523(a)(2)(A) provides that a debt for "money . . . to the extent obtained, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" is not dischargeable. 11 U.S.C. § 523(a)(2)(A). The creditor seeking to prove non-dischargeability under this section must establish the following elements:

   (1)   a misrepresentation of fact by the debtor,
   (2)   that the debtor knew at the time to be false,
   (3)   that the debtor made with the intention of deceiving the creditor,
   (4)   upon which the creditor relied, and
   (5)   that was the proximate cause of damage to the creditor.

*Cossu v. Jefferson Pilot Securities Corp. (In re Cossu)*, 410 F.3d 591, 596 (9th Cir. 2005).

Since direct evidence of intent to deceive is rarely shown, such intent may be inferred from the circumstances. *See Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1997) (as amended) ; *United States v. Lothian*, 976 F.2d 1257, 1267 (9th Cir. 1992).

The bankruptcy court has jurisdiction to enter a money judgment on a disputed state law claim for the amount of a creditor's claim found to be excepted from discharge. *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017-18 (9th Cir. 1997). A judgment of non-dischargeability rendered under § 523(a)(2)(A) may encompass all liability arising from the debtor's fraud, including an award of attorneys' fees and costs. *Cohen v. de la Cruz*, 523 U.S. 213, 218-19, 118 S.Ct. 1212, 1216 (1998). Moreover, when state law and not federal bankruptcy law provides the rule of decision in a contested matter, the bankruptcy court will award fees to the same extent allowed under the governing state law. *Holiday Mobile Home Resorts v. Wood (In re Holiday Mobile Home Resorts)*, 803 F.2d 977, 979 (9th Cir. 1986).

In the instant case, the Plaintiffs have proven their case, and the court finds that at the time that the Defendant signed the promissory note, he induced Mr. Roark to lend him $2,500 on false statements and false pretenses. Plaintiffs were injured by such representations, and lost $2,500, plus interest.

## C. Fiduciary Duty - § 523(a)(4)

Under Section 523(a)(4), a debtor is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). "Defalcation" is defined as the "misappropriation of trust funds or money held in any fiduciary capacity." *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1186 (9th Cir. 1996). Such a debt is non-dischargeable under § 523(a)(4) only "where (1) an express trust existed, (2) the debt was caused by fraud or defalcation, and (3) the debtor acted as a fiduciary to the creditor at the time the debt was created." *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997).

Federal law narrowly restricts the term "fiduciary capacity" to relationships that arise from express or technical trusts. *See Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986). Although the definition of a "fiduciary" for purposes of § 523(a)(4) is guided by federal law, we look to state law to determine whether the requisite trust relationship exists. *Id.*

> A debtor will be deemed a fiduciary if state law creates an express or technical trust relationship which imposes trustee status upon the debtor. . . . ; *see also Blyler v. Hemmeter (In re Hemmeter)*, 242 F.3d 1186, 1190 (9th Cir. 2001) ("Fiduciary relationships imposed by statute may cause the debtor to be considered a fiduciary under § 523(a)(4)."). Generally, a trust exists where the statute defines the res, sets forth the fiduciary duties, and imposes a trust prior to, and without reference to, the wrong for which the debt arose. *In re Hemmeter*, 242 F.3d at 1190.

*T & D Moravits & Co. v. Munton (In re Munton)*, 352 B.R. 707, 713 (9th Cir. BAP 2006).

Here, the Defendant had neither a written contractual trust relationship with Plaintiffs, nor was it shown that the Defendant had a statutory duty to the Plaintiffs. Accordingly, Plaintiffs failed to meet their burden of proof as to this legal theory.

## D. Willful and Malicious Injury - § 523(a)(6)

Section 523(a)(6) provides that a chapter 7 discharge does not discharge an individual debtor from a debt for a "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The "willfulness" and "maliciousness" prongs are analyzed separately.

*Carrillo v. Su (In re Su)*, 290 V.Sd 1140, 1146 (9th Cit. 2002); *In re Thiara*, 285 B.R. 420 (9th Cir. BAP 2002).

The law in the area of what is actionable under § 523(a)(6) has been carefully refined in the Ninth Circuit.

Under § 523(a)(6), the injury must be "willful," such that the debtor must have intended the consequences of his action, and not just the action itself. *Kawaauhau v Geiger*, 523 U.S. 57, 61, 112 S.Ct, 974, 140 L.Ed.2d 90 (1998). "The willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. .Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9thCir. 2001), *cert. denied*, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001). Thus, negligent or reckless acts which inflict consequential injury do not fall within the ambit of § 523(a)(6). *Geiger*, 523 U.S. at 64, 118 S.Ct. 974.

In addition, the injury must be "malicious." This means that it must also be a wrongful act, done intentionally, which necessarily causes injury, and which is done without just cause or excuse. *Jercich*, 238 F.3d at 1208. Whether an injury is "malicious" requires a separate inquiry, which is reviewed for clear error. *Id.* at 1209 & n. 36; *Su v. Carrillo (In re Su)*, 259 BR. 909, 914 (9th Cir. BAP 2001), *aff'd*, 290 F.3d 1140 (9thCir. 2002). A "malicious" injury is one that involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) which is done without just cause or excuse. *Thiara*, 285 B.R. at 433.

In this case, the Defendant wrongfully and without authorization used Mr. Roark's credit card to obtain services or merchandise for his own use. As a result, the Plaintiffs incurred charges for which they were not rightly responsible, and for which they received no benefit. In so doing, Plaintiffs were damaged in the amount of $529.29. Plaintiffs proved a § 523(a)(6) case against the Defendant, and judgment will be entered for Plaintiffs on this theory.

E. **Attorneys' Fees**

In the Ninth Circuit, attorneys' fees may be awarded in a non-dischargeability action if fees would also be available to a plaintiff in state court. *Holiday Mobile Home Resorts* at 979. In this case, attorneys' fees may therefore be awarded pursuant to the § 523(a)(2) theory only, because it arises out of a contract which provides for the prevailing party to be awarded fees. So too does the Arizona statute dealing with such matters. ARIZ. REV. STAT. § 12-341.01. Plaintiffs' counsel should submit a fee application, detailed and itemized, within ten days. Such request should include only those aspects of the case associated with the § 523(a)(2) fraud theory, and none other.

Fees are not awardable under the § 523(a)(6) action, because in Arizona such torts do not allow for compensation for attorneys' fees. However, interest will accrue on the $529.29 amount from date of the judgment's entry, until paid.

Plaintiffs should also present a Bill of Costs. Both the fee request and the Bill of Costs must be served upon the Defendant, by mail. Should the Defendant wish to respond, he should do so within ten days after Plaintiffs' submission. Thereafter, the court will rule on the requested fees and issue its formal judgment.

## RULING

Plaintiffs are entitled to a judgment, pursuant to § 523(a)(2), for $2,500, together with simple interest at 8% per annum, until paid, together with their reasonable attorneys' fees and taxable costs. Plaintiffs are likewise entitled to a judgment, pursuant to § 523(a)(6), of $529.29. This sum will bear interest at the federal judgment rate of 5.1%. These judgments will not be entitled to a bankruptcy discharge.

Plaintiffs' cause of action, pursuant to § 523(a)(4), shall be dismissed, with prejudice.

Case 4:06-ap-00062-JMM    Doc 22    Filed 02/06/07    Entered 02/07/07 12:58:38    Desc
Main Document    Page 7 of 8

A separate judgment will be entered once Plaintiffs submit their fee request, and the Defendant has had the opportunity to respond. FED. R. BANKR. P. 9021.

DATED: February 6, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below
this 6th day of February, 2007, upon:

Joane E. Hallinan
Law Office of Joane E. Hallinan
2751 E. Ozona Pl.
Tucson, AZ 85718
Email: j.hallinan@comcast.net

Ronald Dean Guard
5750 N. Camino Esplendora, #202
Tucson, AZ 85718
U.S. Mail

Sharon Maxwell
177 N. Church Avenue, #625
Tucson, AZ 85701
Email smaxwell@epitrustee.com
Chapter 7 Trustee

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By /s/ M. B. Thompson
    Judicial Assistant